HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIE POTTER,

    Plaintiff,

v.

GENERAL ELECTRIC CAPITAL, et al.,

    Defendants.

CASE NO. C13-1129RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion to dismiss from Defendants America's Servicing Company ("ASC") and Deutsche Bank National Trust Company ("Deutsche Bank"). No one has requested oral argument, and the court finds oral argument unnecessary. For the reasons stated herein, the court GRANTS the motion to dismiss. Dkt. # 10. Plaintiff may file an amended complaint in compliance with this order no later than February 24, 2014. If she does not, the court will dismiss her claims against ASC and Deutsche Bank with prejudice.

## II. BACKGROUND

The court describes the facts underlying this case as Plaintiff Marie Potter alleges them in her complaint and as they appear in documents subject to judicial notice. The court cites the complaint with a bare "¶" symbol and uses "Ex." to cite the exhibits that Ms. Potter attached to her request for judicial notice.

ORDER – 1

In February 2006, Ms. Potter borrowed $414,000, securing the loan with a deed of trust to her residential property in Brier, Washington. She asserts that Defendant General Electric Capital has succeeded to the rights of her original lender. The original loan carried a 9.25% variable interest rate. Ex. A. Ms. Potter had difficulty making payments, and eventually filed for bankruptcy protection and faced foreclosure.

In 2008, the original lender assigned its rights in the loan to Deutsche Bank. In early 2009, ASC became the loan's servicer.[1]

In 2011, Plaintiff negotiated with ASC for a modification of her loan. ¶ 26. She is almost certainly mistaken about the date her negotiations began, because she signed a loan modification agreement with ASC in November 2010. Ex. B. The modification agreement made several changes to her original note. It changed the maturity date from March 2036 to June 2046. Exs. A & B. It increased her principal balance to just over $512,000, stating that this amount "include[d] all amounts and arrearages that w[ould] be past due as of the Modification Effective Date," which was July 2010. Ex. B (Agr. ¶ 3(b)). It decreased her interest rate to 2% for the first five years of the loan, with a gradual increase to 4.84% for the final 29 years of the 36-year modified loan. Ex. B (Agr. ¶ 3(c)). The agreement expressly "supersed[ed] the terms of any modification, forbearance, Trial Period Plan or Workout Plan" between the parties. Ex. B (Agr. ¶ 4(b)).

Plaintiff alleges that she was "promised a reduction in both the principal and interest rate of her loan." ¶ 29. She alleges that ASC did not tell her that her principal balance would increase, ¶ 28, but she does not allege that she was unaware when she signed the modification agreement that her principal balance would increase. Plaintiff has requested new loan modifications (presumably modifications that would reduce her

---

[1] Defendants insist that ASC is not a legal entity, but rather a division of Wells Fargo Bank, N.A., and that Deutsche Bank itself is not the holder of the note, but rather holds the note in trust for the benefit of a mortgage pool. The court expresses no view on these assertions; it relies solely on the facts as Ms. Potter alleges them. Ms. Potter should consider these assertions, however, if she chooses to file an amended complaint.

ORDER – 2

principal), but ASC has not offered one. ¶¶ 31-39. She contends that ASC has not responded promptly or properly to her requests, and that it has falsely stated that her unavailability has interfered with negotiations. ¶¶ 37-39.

From these allegations, she states four causes of action against Deutsche Bank and ASC. She alleges "Promissory Estoppel / Unconscionable Behavior." She invokes the Washington Consumer Protection Act ("CPA"). She also asserts a claim for fraud.[2]

Deutsche Bank and ASC move to dismiss these claims, contending that Ms. Potter has failed to state a claim against them. General Electric Capital, who is also a Defendant, has not joined these motions.

### III. ANALYSIS

Defendants invoke Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from its allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v.*

---

[2] Ms. Potter concedes that two of the causes of action in her complaint target only her original lender. Her concession moots Deutsche Bank's and ASC's challenges to those causes of action. If she chooses to file an amended complaint, she must clearly identify the Defendant or Defendants against whom she brings each of her claims.

ORDER – 3

*Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**A.     Ms. Potter States No Claim for Promissory Estoppel.**

Ms. Potter has not alleged a promissory estoppel claim. Promissory estoppel "requires a promise which the promisor should reasonably expect to cause the promisee to change his position and which does cause the promisee to change his position, justifiably relying on the promise in such a manner that injustice can be avoided only by enforcement of the promise." *Jones v. Best*, 950 P.2d 1, 5 (Wash. 1998). Ms. Potter alleges a promise from ASC not to increase her principal, but she does not allege that she changed her position in reliance on that promise. Instead, she negotiated a modification agreement. That the modification agreement raised her principal in violation of the promise is insufficient.

In her opposition to the motion to dismiss (but not in her complaint), Ms. Potter alleges that she relied on ASC's promises by signing the modification agreement "believing that ASC was giving her the fair loan m[odification] [it] had promised." Pltf.'s Opp'n (Dkt. # 15) at 3. She could believe that, however, only if she did not read the modification agreement. ASC could not reasonably expect that she would fail to read the agreement, and thus the reliance it allegedly induced (even assuming the court could rely on allegations that appear nowhere in Ms. Potter's complaint) was unforeseeable.

Ms. Potter also contends that ASC promised that her loan payments would be applied to her principal, but instead applied them in a "confusing scheme w[h]ere dollar amounts appear[] to be applied arbitrarily to different items, almost never reducing the principal." ¶ 60. These allegations are woefully vague. Ms. Potter does not specify when ASC first promised to apply her payments to principal. Was it before she modified her loan or after? She does not elaborate on the "confusing scheme" she complains of. What else, besides interest, did ASC allocate her payments to? Most importantly, she

ORDER – 4

does not articulate how she relied on ASC's promise to apply her payments to principal. These allegations do not state a claim for promissory estoppel.

**B.  Ms. Potter Has Not Adequately Alleged that the Modification Agreement is Unconscionable.**

Washington courts recognize two species of unconscionability: procedural and substantive. *Adler v. Fred Lind Manor*, 103 P.3d 773, 781 (Wash. 2004). A contract is substantively unconscionable when it contains terms that are so one-sided as to shock the conscience. *Id.* A contract is procedurally unconscionable when, considering all circumstances surrounding its formation, one party lacked a meaningful choice. *Id.* Either procedural or substantive unconscionability provides a basis to void a contract. *Gandee v. LDL Freedom Enters., Inc.*, 293 P.3d 1197, 1199 (Wash. 2013).

The court begins with Ms. Potter's allegations of procedural unconscionability. Those allegations do not appear in her complaint, they appear solely in her opposition to the motion to dismiss. She "believes she was not given adequate time to review" the modification agreement. Pltf.'s Opp'n (Dkt. # 15) at 5. She claims that "hidden in the fine print was a confusing explanation of the core loan modification terms." *Id.* Even if these allegations had appeared in her complaint, they would be inadequate. The agreement consists of just six pages of substantive terms. Other than its enlarged title and a single unimportant footnote on its first page, all of the text in the agreement is the same size. There is, in short, no fine print. But even if there were, Ms. Potter does not advance her case by complaining about terms hidden in fine print without ever identifying what those terms are. Unless ASC insisted she sign the agreement without giving her any opportunity to read it, all of the important aspects of the agreement (the reduced interest rate, the increased principal, the repayment terms, and more) are readily apparent. She also alleges (again, not in her complaint) that ASC did not take "appropriate steps to ensure she understood they were ta[c]king on an additional $100,000.00 to the principal . . . ." *Id.* This allegation is inadequate. The original principal amount of her

ORDER – 5

prior loan is plainly stated on the first page of the agreement. Ex. B. The new principal amount of her modified loan is stated on the third page. *Id.* She accurately alleges that the modification agreement did not state the amount of principal she had paid on the original note, but she does not explain how that is material. She knew, at a minimum, that her principal balance had increased by nearly $100,000 from the initial balance of her original loan. That, by itself, was sufficient to advise her that she faced a steep increase in principal in her new loan. She also does not plausibly allege that she was unaware of the outstanding principal balance on her original loan. She alleges that she was "never given this information in any format," ¶ 66, but she states in her opposition to the motion to dismiss that she knew from the "final statement prior to the loan modification" that her outstanding balance was about $441,400. Pltf.'s Opp'n (Dkt. # 15) at 3. Plaintiff does not state a plausible claim that the modification agreement was procedurally unconscionable.

The only substantively unconscionable portion of the modification agreement to which Ms. Potter points is the clause declaring her new principal balance to be just over $512,000, which is nearly $100,000 more than the initial principal balance of her 2006 loan. That could be unconscionable, but not without more specific allegations. If, for example, Ms. Potter alleged that the principal balance of her prior loan *in addition to all other amounts she owed the lender* was substantially less than $512,000, then she might have taken a step toward demonstrating substantive unconscionability. To require additional principal of nearly $100,000 merely to renegotiate the terms of the loans might be so one-sided as to shock the conscience. But without additional allegations as to what Ms. Potter actually owed, it is not plausible to conclude that ASC imposed a $100,000 surcharge. Ms. Potter could, for example, have alleged that the total amount she owed as stated on the final pre-modification mortgage statement she describes in her opposition to

ORDER – 6

the motion dismiss was much less than $512,000. She has not. Under these circumstances, her allegation of substantive unconscionability is implausible.

**C.     Ms. Potter Does Not State A CPA Claim.**

To state a CPA claim, Ms. Potter must allege "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact, (4) [an] injury to plaintiff in his or her business or property, [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*, 719 P.2d 531, 523 (Wash. 1986).

Ms. Potter adequately alleges two deceptive acts. First, she alleges that ASC falsely told her that it would modify her loan without raising her principal. Second, she alleges that ASC has deceptively refused to negotiate in good faith about another modification of her loan.

Neither allegedly deceptive act, however, is tied to a plausible allegation of injury. There is no allegation that ASC had a legal obligation to offer her a modified loan with a principal amount that she found acceptable. Thus, its deceptive act was at best an inducement for her to come to the bargaining table. She points to no injury arising from that inducement. Her injury, or at least the only injury she plausibly alleges in her complaint, stems from her decision to sign a modification agreement on the terms that ASC offered. Again, any injury she suffered as the result of the agreement is not attributable to ASC's initial deception. If ASC deceived her about the content of the modification agreement while she was reviewing it, her complaint is silent about it.

As to her attempts to secure a second modification, she has not plausibly alleged that ASC would give her the modification she prefers even if it negotiated in good faith. Any injury she suffered as a result of not obtaining a better loan is not the result of ASC's negotiation practices.

Ms. Potter has also failed to allege a public interest impact. She does not allege that any other person has been or is likely to be the victim of ASC's allegedly deceptive

ORDER – 7

tactics. *See Henery v. Robinson*, 834 P.2d 1091, 1098 (Wash. Ct. App. 1992) (reversing liability on CPA claim where there was no evidence that "isolated communication" to plaintiff had capacity to deceive a substantial portion of the public).

### D. Ms. Potter Has Not Adequately Alleged Fraud.

Ms. Potter alleges that ASC's false statements during her recent attempts to negotiate a modified loan are fraudulent. She alleges that ASC falsely promised that it would "work with [her]," ¶ 75, falsely stated that she was being considered for a second loan modification, ¶ 72, and falsely stated that she was not receiving a modification because ASC could not reach her, ¶ 72. She cannot claim fraud merely by pointing to a false statement; she must also allege (among other things) that she relied on the false statement to her detriment. *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996). As the court has already noted, there is no plausible allegation that ASC would have given her a better loan if it had not made these false statements. The only detriment she alleges, however, is that she has not received the loan she prefers. That is not the result of her reliance on ASC's false statements.

## IV. CONCLUSION

For the reasons previously stated, the court GRANTS Defendants' motion to dismiss. Dkt. # 10. Ms. Potter's opposition concludes with a request for leave to amend. Ms. Potter has not explained how she would amend her complaint to cure its defects. The court nonetheless grants her a final opportunity to amend her complaint to state plausible claims against Deutsche Bank and ASC.

The court does not suggest that Ms. Potter should amend her complaint. In particular, Ms. Potter should consider whether any amendment would give her a significant chance to obtain the central relief she seeks – a new loan on the terms that she prefers.

ORDER – 8

Ms. Potter must submit her amended complaint no later than February 24, 2014, or the court will dismiss her claims against ASC and Deutsche Bank with prejudice.

DATED this 3rd day of February, 2014.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 9